UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
AYELEN B. RODRIGUEZ,

Plaintiff,

**COMPLAINT**
**JURY TRIAL**
**DEMANDED**

-against-

**10 CIV 03814**

JUDGE SEIBEL

VILLAGE OF OSSINING, VILLAGE OF
OSSINING POLICE DEPARTMENT,
JOSEPH BURTON, individually and as a
Police Chief, JAMES DROHAN,
individually and as a Police Officer,
VILLAGE OF CROTON-on-HUDSON,
VILLAGE OF CROTON- on-HUDSON
POLICE DEPARTMENT, JOHN SMITH,
individually and as a Police Officer and
"JOHN DOE 1 through 10"
individually and as, Police Officers,
COUNTY OF WESTCHESTER,
COUNTY OF WESTCHESTER DEPARTMENT
OF CORRECTION, POLICE OFFICERS "JOHN
DOE 1 through 10", CORRECTION OFFICERS
"JOHN DOE 1 through 10"

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRELIMINARY STATEMENT

1.  Action for money damages brought pursuant to 42 U.S.C. §§ 1983
and 1988, Fourth and Fourteenth Amendments to the United States Constitution.
This Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C.
§§ 1331, 1334 and 1343 and on the pendent jurisdiction of this Court to entertain
claims arising under state law.

2.  It is alleged that the individual defendants, JAMES DROHAN, JOHN
SMITH, "JOHN"CHAVEZ, "JOHN" SAUSEDO, POLICE OFFICERS JOHN DOE NO.1
through 10 and CORRECTION OFFICERS "JOHN DOE 1 through 10", made

unreasonable seizure of the plaintiff, AYELEN B. RODRIGUEZ, violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution and that these defendants negligently mistreated, maltreated, assaulted and "battered" the plaintiff and used excessive force.  It is further alleged that these violations and torts were committed as a result of policies and customs of the defendants, and the negligence, failure to train, retrain and retain employees, use of excessive force and violation of the constitutional and due process rights of the plaintiff.

PARTIES

3.   The plaintiff, AYELEN B. RODRIGUEZ, at all material times, maintained a residence in the State of New York, in the Village of Ossining, County of Westchester.

4.  The defendant, VILLAGE OF OSSINING, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

5.  The defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, was and still is a police department organized and existing under and by virtue of the laws, rules and regulations of the defendant, VILLAGE OF OSSINING.

6.  The defendant, JAMES DROHAN, was at all times relevant to this complaint, a duly appointed and active officer of the Ossining Police Department, in the County of Westchester, State of New York and active under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Village of Ossining, County of Westchester, State of New York.

7. At all times referred to herein, the defendants JOHN DOE Nos 1 through 5 were police officers employed by the VILLAGE OF OSSINING, whose names and identities remain unknown at this time.

8. The defendant JOSEPH BURTON, was at all times referred to herein, Chief of Police for the defendant, VILLAGE OF OSSINING, and the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, and as such was the commanding officer of the defendant police officers, and was responsible for the training, supervision and conduct of the defendants, Defendant JOSEPH BURTON is further responsible by law for enforcing the regulations of the defendant VILLAGE OF OSSINING, and the defendant, VILLAGE OF OSSINING POLICE DEPARTMENT, and for insuring that the Police Officers obey the laws of the Village of Ossining, the Village of Ossining Police Department, the County of Westchester, the State of New York and the United States of America. At all times referred to herein, defendants acted under color of the laws, ordinances, statutes, regulations, policies, customs and usages of the Village of Ossining, County of Westchester, State of New York and United States of America.

9. At all times referred to herein, all defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York and the Village of Ossining.

10. Plaintiff sues all defendants in their individual capacities.

11. The defendant, VILLAGE OF CROTON-ON-HUDSON, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

12. The defendant, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT, was and still is a police department organized and existing under and by virtue of the laws, rules and regulations of the defendant, VILLAGE OF CROTON-ON-HUDSON.

13. The defendants, JOHN SMITH, POLICE OFFICERS "JOHN DOE" NO. "1" through "10" was at all times relevant to this complaint, a duly appointed and active officer of the Croton-on-Hudson Police Department, in the County of Westchester, State of New York and active under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Village of Croton-on-Hudson, County of Westchester, State of New York.

14. At all times referred to herein, the defendants JOHN DOE NOS. "1 through 5" were police officers employed by the VILLAGE OF CROTON-ON-HUDSON, whose names and identities remain unknown at this time.

15. The defendant JOHN DOE NO. 1, was at all times referred to herein, Chief of Police for the defendant, VILLAGE OF CROTON-ON-HUDSON, and the defendant, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT, and as such was the commanding officer of the defendant police officers, and was responsible for the training, supervision and conduct of the defendants. Defendant JOHN DOE NO. 1 is further responsible by law for enforcing the regulations of the defendant VILLAGE OF CROTON-ON-HUDSON and the defendant VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT and for insuring that the Police Officers obey the laws of the Village of Croton-on-Hudson, the Village of Croton-on-Hudson Police Department, the County of Westchester, the State of New York and the United States of America. At all times referred to herein, defendants acted

under color of the laws, ordinances, statutes, regulations, policies, customs and usages of the Village of Croton-on-Hudson, County of Westchester, State of New York and United States of America.

16.  At all times referred to herein, all defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York and the Village of Croton-on-Hudson.

17.  Plaintiff sues all defendants in their individual capacities.

18.  The defendant, COUNTY OF WESTCHESTER, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

19.  The defendant, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, was and still is a correctional facility organized and existing under and by virtue of the laws, rules and regulations of the defendant, COUNTY OF WESTCHESTER.

20.  The defendant, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, Correction Officer JOHN DOE NO.1 was at all times relevant to this Complaint, a duly appointed and active officer of the COUNTY OF WESTCHESTER, in the County of Westchester, State of New York and active under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the  County of Westchester, State of New York.

21. At all times referred to herein, the defendants "JOHN DOE NOS. 2

through 10" were correction officers employed by the COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, whose names and identities remain unknown at this time.

22.  The defendant JOHN DOE NO. 1, was at all times referred to herein, the commanding officer of the defendant correction officers, and was responsible for the training, supervision and conduct of the defendants,  defendant JOHN DOE NO. 1 is further responsible by law for enforcing the regulations of the defendant COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION and the defendant COUNTY OF WESTCHESTER and for insuring that the correction officers obey the laws of the County of Westchester, the State of New York and the United States of America.  At all times referred to herein, defendants acted under color of the laws, ordinances, statutes, regulations, policies, customs and usages of the County of Westchester Department of Corrections, County of Westchester, State of New York and United States of America.

23.  At all times referred to herein, all defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York and the County of Westchester.

24.  Plaintiff sues all defendants in their individual capacities.

FACTS

25.  On or about the 9th  day of October 2008, at about 3:45 p.m. on Main Street, near Dunkin Donuts in the Village of Croton-on-Hudson, County of Westchester, State of New York, plaintiff was sitting in a parked car, talking to a friend, when suddenly a man in plain clothes started yelling at her and violently yanked her from the

car, and all at the same time, handcuffed her.  At all times plaintiff informed the defendants and each of them that she was three and a half months pregnant.

26.  As plaintiff was yanked from the vehicle, other officers appeared, grabbed plaintiff, threw her against the car, and began to shove and push plaintiff, while she was being yanked from the car and while she was pushed against the car. Plaintiff had made no attempt to escape or otherwise resist defendants' attempts to place plaintiff in custody.

27.  Plaintiff was eventually transported to the Village of Croton-on-Hudson Police Department, placed in a cell, she was later transported to Ossining Police Department, placed in a cell , taken to Phelps Memorial Hospital, Sleepy Hollow, New York.  Finally around midnight she was transferred to Westchester County Department of Correction where she was placed in a cell for hours with a bed that had no mattress under the constant watch of the defendant police officers and correction officers.

28. The plaintiff, AYELEN B. RODRIGUEZ, was negligently, maliciously and wrongfully treated, arrested and accosted, by the defendants who used excessive force against her.

29. The plaintiff, AYELEN B. RODRIGUEZ, had not done anything wrong. She had not physically resisted arrest nor assaulted any of the defendants, in any way and the force used against the plaintiff, AYELEN B. RODRIGUEZ, was negligent, malicious, unnecessary, unreasonable and excessive.

30. The plaintiff was unlawfully imprisoned by the defendants.

31. The plaintiff was taken into custody at the Village of Croton-on-Hudson Police Department where she was detained for an inordinate length of time.

32. Plaintiff was eventually transferred to the Westchester County Jail and was thereafter confined to the Correctional Health Services Ward..

33. At no time during the events described above, was the plaintiff, AYELEN B. RODRIGUEZ, uncooperative, a threat to the safety of herself or others or disorderly, nor had she committed any criminal offense.

34. As a direct and proximate result of the said acts of defendants, the plaintiff, AYELEN B. RODRIGUEZ, suffered, among other things, the following injuries and damages.

a. violation of her constitutional rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures of her person

b. loss of her physical liberty

c. physical pain and suffering and emotional trauma and suffering.

d. a miscarriage

35. The actions of the defendants violated, among other things, the following clearly established and well settled federal constitutional rights of AYELEN B. RODRIGUEZ

a. freedom from unreasonable seizure of her person by defendants acting under color of law;

b. freedom from the use of negligent, malicious, excessive, unreasonable and unjustified force against his person;

c. defendants' acts constituted negligence, recklessness and were carried out with wanton disregard for the rights of the plaintiff herein.

## FIRST CLAIM FOR RELIEF

36.  Paragraphs "1" through "35" are incorporated herein by reference as though fully set forth.

37.  The plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendants for their violation of plaintiff's constitutional rights under the color of state law.

## SECOND CLAIM FOR RELIEF

38.  Paragraphs "1" through "37" are incorporated herein by reference as though fully set forth.

39.  The Defendants assaulted and battered the Plaintiff

40.  As a direct and proximate result of the above mentioned unlawful and malicious physical abuse of plaintiff by defendants, committed under color of law and under their authority as Village of Ossining police officers, plaintiff suffered grievous bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

41.  As a direct and proximate result of the malicious and outrageous

conduct of the defendants, plaintiff suffered severe injuries, some of which may be permanent.

42.   The acts of the defendants were intentional, wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages.

THIRD CLAIM FOR RELIEF

43.   Paragraphs "1" through "42" are incorporated herein by reference as though fully set forth.

44.   The Defendants illegally arrested and illegally imprisoned the plaintiff.

45.   As a result of the false arrest and illegal imprisonment, the plaintiff suffered the damages as aforesaid.

FOURTH CLAIM FOR RELIEF

46.   Paragraphs "1" through "45" are incorporated herein by reference as though fully set forth.

47.   The defendants negligently, carelessly, recklessly injured the plaintiff.

48.   As a result thereof, the plaintiff suffered damages.

FIFTH CLAIM FOR RELIEF

49.   Paragraphs "1" through "48" are incorporated herein by reference as though fully set forth.

50.   Prior to the 9th day of October 2008, and the incident involving this

plaintiff, the Village of Ossining developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Village of Ossining, and females of color, which caused the violation of the constitutional rights of the plaintiff, AYELEN B. RODRIGUEZ .

 51. Prior to the incident involving the plaintiff herein, defendants VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and defendant, JOHN DOE "1", had learned of previous incidents involving the defendant police officers, wherein they had used unreasonable force on others that had been detained, imprisoned or arrested.  That Defendants VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE No. "1", took no action to discipline defendant police officers or to order them not to repeat such incidents, thus tacitly authorizing such conduct.  If Defendants, VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE No. "1" had taken such remedial action, the negligence, malice, violation of due process and constitutional rights, assault, battery, wrongful detention and mental anguish of the plaintiff would not have occurred.

 52.  The Defendants, VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT are vested by state law with the authority to make policy for the Village on the use of force in making arrests.  The defendants were aware of a pattern of excessive force, negligence, assault, battery, mental anguish, malice, violation of due process and constitutional rights, assault and battery by the police officers employed by the Village and the Police Department; they were aware that the Village's

and Police Department's policies regarding the discipline of police officers accused of the foregoing were so inadequate that it was obvious that a failure to correct them would result on further such incidents; and the failure to correct said policies caused the aforesaid acts to be committed or used upon the plaintiff as set forth above.  The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

53. At all times relevant to this complaint, defendants JAMES DROHAN, and JOHN DOES NO. 2 and 3, as police officers  and POLICE OFFICERS JOHN DOE NO. "1 through 10"were acting under the direction and control of the defendants VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE NO. "1" and were acting pursuant to the official policy, practice or custom of the defendants, VILLAGE OF OSSINING and VILLAGE OF OSSINING POLICE DEPARTMENT.

54. Acting under color of law and pursuant to official policy, practice or custom, defendants, VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE NO. "1", intentionally, knowingly and recklessly failed to instruct, train and supervise defendants, JAMES DROHAN, and JOHN DOE NOS. "2" and "3" on a continuing basis in the correct procedure for confronting or detaining citizens, before, during and after making an arrest, and to refrain from unlawfully and maliciously assaulting and beating citizens and females of color, and otherwise using unreasonable and excessive force.

55. Acting under color of law and pursuant to official policy, practice or

custom, defendants, VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE NO. "1", intentionally, knowingly and recklessly failed to instruct, supervise, control and discipline, on a continuing basis, defendants JAMES DROHAN and JOHN DOE NOS. "2" and "3" in their duties to refrain from unlawfully, maliciously, negligently assaulting, imprisoning, confronting, and otherwise using unreasonable and excessive force before, during or after a detention, seizure and/or arrest.

56. Defendants, VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE NO. "1", had knowledge, or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendants, VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE NO. "1" had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

57. Defendants, VILLAGE OF OSSINING, VILLAGE OF OSSINING POLICE DEPARTMENT and JOHN DOE NO. "1", directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the defendants, JAMES DROHAN and JOHN DOE NOS. "2" and "3"

heretofore described.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

58.   As a direct and proximate result of the acts of the defendants and each of them as set forth herein, plaintiff suffered mental anguish: plaintiff suffered severe mental anguish in connection with the deprivation of his due process and constitutional rights guaranteed by the Fourth Amendments to the Constitution of the United State and protected by 42 U.S.C. Section 1983

59.   The acts of the defendants JAMES DROHAN and JOHN DOE No. "2" and "3" as set forth above were wanton, malicious and oppressive, thus entitling the plaintiff to an award of punitive damages.

SIXTH CLAIM FOR RELIEF

60.   Paragraphs "1" through "59" are incorporated herein by reference as though fully set forth.

61.   Prior to the 9th day of October 2008, and the incident involving this plaintiff, the Village of Croton-on-Hudson developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Village of Croton-on-Hudson, and females of color, which caused the violation of the constitutional rights of the plaintiff, AYELEN B. RODRIGUEZ .

62. Prior to the incident involving the plaintiff herein, defendants VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON, POLICE DEPARTMENT and defendants, JOHN SMITH, "JOHN DOE" NO. "1"

through "10", had learned of previous incidents involving the defendant police officers, wherein they had used unreasonable force on others that had been detained, imprisoned or arrested. That Defendants VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT , JOHN SMITH, "JOHN DOE" NO. "1" through "10", took no action to discipline defendant police officers or to order them not to repeat such incidents, thus tacitly authorizing such conduct. If Defendants, VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT, JOHN SMITH, "JOHN DOE" NO. "1" through "10", had taken such remedial action, the negligence, malice, violation of due process and constitutional rights, assault, battery, wrongful detention and mental anguish of the plaintiff would not have occurred.

63. The Defendants, VILLAGE OF CROTON-ON-HUDSON, VILLAGE CROTON-ON-HUDSON POLICE DEPARTMENT, JOHN SMITH, "JOHN DOE" NO. "1" through "10" are vested by state law with the authority to make policy for the Village on the use of force in making arrests. The defendants were aware of a pattern of excessive force, negligence, assault, battery, mental anguish, malice, violation of due process and constitutional rights, assault and battery by the police officers employed by the Village and the Police Department; they were aware that the Village's and Police Department's policies regarding the discipline of police officers accused of the foregoing were so inadequate that it was obvious that a failure to correct them would result on further such incidents; and the failure to correct said policies caused the aforesaid acts to be committed or used upon the plaintiff as set forth above. The

allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

64. At all times relevant to this complaint, defendants VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT, JOHN SMITH, "JOHN DOE" NO. "1" through "10", as police officers were acting under the direction and control of the defendants VILLAGE OF CROTON-ON-HUDSON and VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT and were acting pursuant to the official policy, practice or custom of the defendants, VILLAGE OF CROTON-ON-HUDSON and VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT.

65. Acting under color of law and pursuant to official policy, practice or custom, defendants, VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT, intentionally, knowingly and recklessly failed to instruct, train and supervise defendants, JOHN SMITH, "JOHN DOE" NO. "1" through "10" on a continuing basis in the correct procedure for confronting or detaining citizens, before, during and after making an arrest, and to refrain from unlawfully and maliciously assaulting and beating citizens and females of color, and otherwise using unreasonable and excessive force.

66. Acting under color of law and pursuant to official policy, practice or custom, defendants, VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT, intentionally, knowingly and recklessly failed to instruct, supervise, control and discipline, on a continuing basis, defendants JOHN

SMITH, "JOHN DOE" NO. "1" through "10" in their duties to refrain from unlawfully, maliciously, negligently assaulting, imprisoning, confronting, and otherwise using unreasonable and excessive force before, during or after a detention, seizure and/or arrest.

67.   Defendants, VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT had knowledge, or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.  Defendants, VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

68.   Defendants, VILLAGE OF CROTON-ON-HUDSON, VILLAGE OF CROTON-ON-HUDSON POLICE DEPARTMENT, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the defendants, JOHN SMITH, "JOHN DOE" NO. "1" through "10" heretofore described.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

69.   As a direct and proximate result of the acts of the defendants and each of them as set forth herein, plaintiff suffered mental anguish; plaintiff suffered severe

mental anguish in connection with the deprivation of his due process and constitutional rights guaranteed by the Fourth Amendments to the Constitution of the United State and protected by 42 U.S.C. Section 1983

70.   The acts of the defendants JOHN SMITH, "JOHN DOE" NO. "1" through "10" as set forth above were wanton, malicious and oppressive, thus entitling the plaintiff to an award of punitive damages.

## SEVENTH CLAIM FOR RELIEF

71.   Paragraphs "1" through "70" are incorporated herein by reference as though fully set forth.

72.   Prior to the 9th day of October 2008, and the incident involving this plaintiff, the COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, POLICE OFFICERS "JOHN DOE NOS. "1" through "10", CORRECTION OFFICERS "JOHN DOE NOS. "1" through "10" developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Westchester, and females of color, which caused the violation of the constitutional rights of the plaintiff, AYELEN B. RODRIGUEZ .

73. Prior to the incident involving the plaintiff herein, defendants COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, POLICE OFFICERS "JOHN DOE NOS. "1" through "10", CORRECTION OFFICERS "JOHN DOE" NOS. "1 through "10", had learned of previous incidents involving the defendant police officers, wherein they had used unreasonable force on others that had been detained, imprisoned or arrested.  That

Defendants, COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, CORRECTION OFFICERS "JOHN DOE" NOS. "1" through "10", CORRECTION OFFICERS "JOHN DOE" NOS. "1" through "10", took no action to discipline defendant police officers or to order them not to repeat such incidents, thus tacitly authorizing such conduct. If Defendants, COUNTY OF WESTCHESTER, COUNTY OF WESTCHESRTER DEPARTMENT OF CORRECTION, POLICE OFFICERS "JOHN DOE" NOS. "1" through "10" CORRECTION OFFICERS "JOHN DOE" NOS. "1 through "10", had taken such remedial action, the negligence, malice, violation of due process and constitutional rights, assault, battery, wrongful detention and mental anguish of the plaintiff would not have occurred.

74. The Defendants, COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, CORRECTION OFFICERS "JOHN DOE" NOS. "1" through "10", CORRECTION OFFICERS "JOHN DOE" NOS. "1" through "10" are vested by state law with the authority to make policy for the Village on the use of force in making arrests. The defendants were aware of a pattern of excessive force, negligence, assault, battery, mental anguish, malice, violation of due process and constitutional rights, assault and battery by the police officers employed by the Village and the Police Department; they were aware that the Village's and Police Department's policies regarding the discipline of police officers accused of the foregoing were so inadequate that it was obvious that a failure to correct them would result on further such incidents; and the failure to correct said policies caused the aforesaid acts to be committed or used upon the plaintiff as set forth above. The

allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

75. At all times relevant to this complaint, defendants COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, POLICE OFFICERS "JOHN DOE" NOS. "1" through "10", CORRECTION OFFICERS "JOHN DOE" NOS. "1" through "10", as police officers were acting under the direction and control of the defendants COUNTY OF WESTCHESTER and COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION and were acting pursuant to the official policy, practice or custom of the defendants, COUNTY OF WESTCHESTER and COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION.

76. Acting under color of law and pursuant to official policy, practice or custom, defendants, COUNTY OF WESTCHESTER and COUNTYOF WESTCHESTER DEPARTMENT OF CORRECTION, intentionally, knowingly and recklessly failed to instruct, train and supervise defendants, POLICE OFFICERS "JOH DOE" NOS. "1 through "10" and CORRECTION OFFICERS "JOHN DOE" NOS. "1 through "10" on a continuing basis in the correct procedure for confronting or detaining citizens, before, during and after making an arrest, and to refrain from unlawfully and maliciously assaulting and beating citizens and females of color, and otherwise using unreasonable and excessive force.

77. Acting under color of law and pursuant to official policy, practice or custom, defendants, COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTIONS, intentionally, knowingly and recklessly failed to

instruct, supervise, control and discipline, on a continuing basis, defendants POLICE

OFFICERS "JOH DOE" NOS. "1" through "10" and CORRECTION OFFICERS "JOHN

DOE NOS. "1" through "10" in their duties to refrain from unlawfully, maliciously,

negligently assaulting, imprisoning, confronting, and otherwise using unreasonable and

excessive force before, during or after a detention, seizure and/or arrest.

78.  Defendants, COUNTY OF WESTCHESTER, COUNTY OF

WESTCHESTER DEPARTMENT OF CORRECTIONS, POLICE OFFICERS "JON DOE

NOS. "1" through "10" and CORRECTION OFFICERS "JOHN DOE" NOS. "1" through

"10" had knowledge, or, had they diligently exercised their duties to instruct, supervise,

control and discipline on a continuing basis, should have had knowledge that the

wrongs which were done, as heretofore alleged, were about to be committed.

Defendants, COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER

DEPARTMENT OF CORRECTION, POLICE OFFICERS "JOHN DOE" NOS. "1"

through "10", CORRECTION OFFICERS "JOHN DOE" NOS. "1" through "10" had

power to prevent or aid in preventing the commission of said wrongs, could have done

so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused

to do so.  The allegations in this paragraph are likely to have evidentiary support after a

reasonable opportunity for further investigation or discovery.

79.  Defendants, COUNTY OF WESTCHESTER, COUNTY OF

WESTCHESTER DEPARTMENT OF CORRECTION, POLICE OFFICERS "JOHN DOE"

NOS. "1" through "10", CORRECTIONOFFICERS "JOHN DOE" NOS. "1" through

"10" directly or indirectly, under color of law, approved or ratified the unlawful,

deliberate, malicious, reckless and wanton conduct of the defendants, COUNTY OF WESTCHESTER, COUNTY OF WESTCHESTER DEPARTMENT OF CORRECTION, POLLICE OFFICERS "JOHN DOE" NOS. "1" through "10", CORRECTION OFFICERS "JOHN DOE" NOS. "1" through "10" heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

80. As a direct and proximate result of the acts of the defendants and each of them as set forth herein, plaintiff suffered mental anguish: plaintiff suffered severe mental anguish in connection with the deprivation of her due process and constitutional rights guaranteed by the Fourth Amendments to the Constitution of the United State and protected by 42 U.S.C. Section 1983

81. The acts of the defendants DEPARTMENT OF WESTCHESTER, DEPARTMENT OF WESTCHESTER CORRECTION, POLICE OFFICERS "JOHN DOE" NOS. "1" through "10" and CORRECTION OFICERS "JOHN DOE" NOS. "1"through "10" as set forth above were wanton, malicious and oppressive, thus entitling the plaintiff to an award of punitive damages.

WHEREFORE, the plaintiff demands judgment against the defendants

For compensatory damages in an amount proved at trial;

For exemplary and punitive damages in an amount to be proven at trial;

For costs of suit herein, including plaintiff's reasonable attorney fees; and

For such other and further relief as the Court deems proper.

_____

CAROLYN V. MINTER (CM-7074)
Law Offices of CAROLYN V. MINTER
Attorney for Plaintiffs
Office & P.O. Address
Bar Building
79 Croton Avenue
Ossining, NY 10562
(914) 762-1458
Facsimile (914) 944-0149